IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SWIFT,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>U.S.A.A. INSURANCE,<br><br>　　　　　　Defendant. | 8:22CV99<br><br>**MEMORANDUM<br>AND ORDER** |

　　　　Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

　　　　Plaintiff sues U.S.A.A. Insurance for injuries that resulted from a car accident. Plaintiff alleges that Zachary O. Tapia struck Plaintiff's vehicle, after which Plaintiff's "libido has been unable to perform." Plaintiff demands $200 million in damages.

　　　　Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

　　　　Here, Plaintiff claims diversity jurisdiction. Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity-of-citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816,

819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).[1]

Upon careful review of Plaintiff's Complaint, the court finds that it lacks subject-matter jurisdiction over this matter because, although the amount in controversy appears to exceed the sum required to satisfy 28 U.S.C. § 1332, Plaintiff makes no allegations regarding the citizenship of either party, making it impossible to determine if complete diversity exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (stating that the burden of proving subject-matter jurisdiction belongs to the plaintiff).

Further, Plaintiff has alleged no facts regarding what Defendant U.S.S.A. Insurance did or failed to do to harm Plaintiff, therefore failing to give fair notice to the Defendant of the nature and basis or grounds for his claim. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved") (internal quotation marks and citation omitted). It is also unclear whether Plaintiff intends to sue the person who allegedly ran into his vehicle, Zachary O. Tapia—who is mentioned in the body of

---

[1] Subject-matter jurisdiction is also proper under 28 U.S.C. § 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Under this type of jurisdiction, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law" in order to bring a claim under 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff does not claim that federal-question jurisdiction is applicable, nor does he set forth any specific actions taken by the Defendant that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute.

the Complaint as a "defendant," but is not included in the case caption—and what cause of action Plaintiff intends to bring against the Defendant/s. If Plaintiff intends to assert a claim for negligence under Nebraska law, he must allege appropriate facts to do so. *See Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 717 (8th Cir. 2022) (describing how to prevail in a negligence action in Nebraska).

While Plaintiff's Complaint is subject to pre-service dismissal for lack of subject-matter jurisdiction and other pleading defects discussed above, the court will give Plaintiff the opportunity to amend his Complaint rather than dismiss this action. Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until **August 15, 2022**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims he wishes to pursue against all of the defendants he wishes to sue in the amended complaint. Plaintiff should be mindful to explain **concisely** in his amended complaint what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated. Plaintiff shall present such allegations in readable penmanship.

3. Failure to consolidate all claims into **one document** may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint**.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5.      The Clerk of the Court is directed to set a pro se case management deadline using the following text: August 15, 2022—amended complaint due.

6.      Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 14th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge